IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **NNAMDI EGBUKICHI** and **ELIZABETH EGBUKICHI**,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>**WELLS FARGO BANK, NA**,<br><br>　　　　Defendant. | Case No. 3:15-cv-2033-SI<br><br>**OPINION AND ORDER** |

Keith D. Karnes, KARNES LAW OFFICES, 1860 Hawthorne Avenue Northeast, Suite 10, Salem, Oregon, 97301. Of Attorneys for Plaintiffs.

Philip S. Van Der Weele and Adam W. Holbrook, K&L GATES LLP, One Southwest Columbia Street, Suite 1900, Portland, Oregon, 97258. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

　　　　Plaintiffs Nnamdi Egbukichi and Elizabeth Egbukichi bring this lawsuit against Defendant Wells Fargo Bank, NA, alleging violations of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.*, ("ECOA") and the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, ("FHA"). In Plaintiffs' original complaint, they argued that they qualified for a modification of their loan with Defendant under the Home Affordable Modification Program ("HAMP"), but failed to

PAGE 1 – OPINION AND ORDER

allege that Defendant had discriminated against them on the basis of race.[1] Defendant moved to dismiss for failure to state a claim, and the Court granted Defendant's motion with leave to replead. Plaintiffs filed an Amended Complaint, alleging that Defendant unlawfully discriminated against Plaintiffs due to their race when Defendant, on several occasions, refused to modify Plaintiffs' loan under HAMP. Plaintiffs seek compensatory damages, punitive damages, and attorney's fees. Defendant moves to dismiss Plaintiffs' Amended Complaint for failure to state a claim and in the alternative moves to strike Plaintiffs' allegations regarding unidentified, similarly situated white applicants and Defendant's pattern and practice of discrimination. For the reasons stated below, the Court denies Defendant's motion to dismiss and alternative motion to strike.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations

---

[1] HAMP is a federally initiated loan modification program through the United States Department of Housing and Urban Development designed to lower monthly payments for people cannot make current monthly payments due to financial hardship. *See* HOME AFFORDABLE MODIFICATION PROGRAM: OVERVIEW, https://www.hmpadmin.com/portal/programs/hamp.jsp#1 (last visited Mar. 29, 2017).

of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

## BACKGROUND

Plaintiffs, husband and wife, are of African descent and owners of real property ("the Property") that served as collateral for the loan that is the subject of this lawsuit. Second Am. Compl. (ECF 20) ¶¶ 3, 5. On June 25, 2008, Plaintiffs purchased the Property. *Id.* at ¶ 6. To finance their purchase, Plaintiffs borrowed $393,820 from Northwest Mortgage Group, Inc., signed a promissory note ("the Note"), and signed a trust deed to guarantee repayment. *Id.* at ¶ 7. By January 2010, Plaintiffs were in default on the Note, and Defendant had been assigned the right to service the Note. *Id.* at ¶¶ 8-9. On or about February 26, 2010, Plaintiffs requested that Defendant modify Plaintiffs' obligations on the Note. *Id.* at ¶ 10. On April 7, 2010, Defendant offered to modify Plaintiffs' obligations on certain specified terms. *Id.* at ¶ 11. In September 2010, Defendant was assigned Plaintiffs' Deed of Trust and employed Northwest

Trustee Services, Inc. to conduct a non-judicial foreclosure on Plaintiffs' interest in the Property.[2] *Id.* at ¶¶ 12-13.

On or about October 25, 2010, Plaintiffs requested a HAMP modification from Defendant. *Id.* at ¶ 14. Defendant denied the request on November 29, 2010, but offered Plaintiffs a forbearance agreement on certain specified terms. *Id.* at ¶ 16. On or about March 30, 2011, and June 20, 2011, Plaintiffs made additional requests for a HAMP modification of their loan. *Id.* at ¶ 17. Defendant denied both requests. *Id.* at ¶ 19. In denying Plaintiffs' HAMP modification request, Defendant explained that based upon the documentation provided by Plaintiffs, Defendant could not create an affordable mortgage payment that met the requirements of the HAMP program. *Id.* at ¶ 20.

In November 2011, Defendant filed a judicial foreclosure action against Plaintiffs' interest in the Property. *Id.* at ¶ 22. In April 2014, Defendant voluntarily dismissed that action. *Id.* at ¶ 23. In 2015, Defendant threatened to bring a non-judicial foreclosure against Plaintiffs and began the mediation process that is required under Oregon foreclosure law. *Id.* at ¶ 25.

---

[2] A deed of trust, or trust deed, is a deed executed under the Oregon Trust Deed Act ("OTDA"), Or. Rev. Stat. §§ 86.705 *et seq*.,, that "conveys an interest in real property to a trustee in trust to secure the performance of an obligation the grantor or other person named in the deed owes to a beneficiary." Or. Rev. Stat. § 86.705(8). When a person borrows money to purchase a home in Oregon, the loan usually is memorialized in a promissory note. The borrower and lender also typically enter into a separately-memorialized security agreement—a mortgage or, more commonly in Oregon, a trust deed. *Brandrup v. ReconTrust Co.*, 353 Or. 668, 675 (2013). Oregon subscribes to the lien theory of mortgages. Thus, in Oregon, in the traditional security arrangement—the mortgage—the borrower conveys to the lender a lien on the property to secure the borrower's promise to repay. If the borrower defaults on the note, the lender or the lender's successor in interest may exercise its right to sell the property to satisfy the obligation, but must do so by bringing a judicial action against the borrower. *Id.* at 676. The OTDA was enacted in 1959 to provide an alternative to judicial foreclosures. The nonjudicial alternative is available when the parties use a trust deed to secure the loan. A trust deed creates a lien on real property to secure an underlying obligation in the event of a default. The OTDA permits the trustee appointed under a trust deed to advertise and sell the property to the highest bidder without judicial involvement. *Id.*

PAGE 4 – OPINION AND ORDER

During mediation, Plaintiffs again requested and were again denied a HAMP modification. *Id.* at ¶ 29.

Plaintiffs allege that at all relevant times they were qualified for a HAMP modification on their loan and that in 2015 an employee of Defendant admitted that Plaintiffs were qualified for a HAMP modification. *Id.* at ¶¶ 15, 18, 27, 29. Plaintiffs also allege that Defendant refused to consider all of Plaintiffs' income when evaluating the HAMP modification requests and improperly billed Plaintiffs for fees and costs for the various foreclosure actions that it began but did not complete. *Id.* at ¶¶ 21, 28. Plaintiffs further allege that Defendant discriminated against Plaintiffs because of their race when it denied their HAMP modification. *Id.* at ¶ 29. Plaintiffs also allege that Defendant provided HAMP modifications to similarly situated white applicants around the same time that Defendant denied Plaintiffs' request for modification. *Id.* at ¶ 30. Finally, Plaintiffs allege that Defendant has a pattern and practice of discriminating against racial minorities and is under a consent decree with the United States based on a past history of racial discrimination. *Id.* at ¶ 31.

## DISCUSSION

Because the allegations that Defendant moves to strike are pertinent to the sufficiency of Plaintiffs' ECOA and FHA claims, the Court addresses Defendant's alternative motion first.

### A. Defendant's Motion to Strike Plaintiffs' Allegations

Federal Rule of Civil Procedure ("FRCP") 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Defendant argues that two of Plaintiffs' allegations are either immaterial or impertinent and should be stricken. Specifically, Defendant argues that (1) Plaintiffs' allegation that similarly situated white applicants were approved while Plaintiffs' was denied is conclusory, and

(2) Defendant's consent decree with the United States—which Plaintiffs claim is evidence of Defendant's intent to discriminate against Plaintiffs because of their race—is irrelevant.

### 1. Similarly Situated White Applicants

Plaintiffs allege that Defendant provided HAMP modifications to similarly situated white applicants around the same time that Defendant denied Plaintiffs' request for a HAMP modification. Defendant argues that because Plaintiff does not identify or provide examples or details of any similarly situated white applicants who Defendant approved for a HAMP modification, the Court should strike Plaintiffs' allegation from the Complaint to preclude discovery on that issue.

The Court disagrees that this allegation is irrelevant or impertinent. Plaintiffs allege that they are African-American and that they were qualified for a HAMP loan modification but were denied on the basis of their race. Plaintiffs also allege that "white applicants of similar qualifications" were approved for loan modifications around the same time that Plaintiffs were denied. The alleged fact that the white applicants were as similarly qualified for a HAMP modification as Plaintiffs makes them similarly situated to Plaintiffs for purposes of Plaintiffs' claims. The allegation that the white applicants were approved while Plaintiffs were denied is relevant to Plaintiffs' allegation that Defendant discriminated against them on the basis of race.

The Court also rejects Defendant's argument that Plaintiffs must specifically identify the purported similarly qualified white applicants at this stage of the litigation. Although potentially important at summary judgment or trial, the Court finds such specificity is not required in the complaint at the pleading stage and Plaintiffs' allegations are sufficient to survive a motion to dismiss. *See Cooper v. Cate*, 2011 WL 5554321, at *11 (E.D. Cal. Nov. 15, 2011) (denying a motion to dismiss in an age discrimination case where the plaintiff alleged that the defendant "treated employees with [plaintiff's] rank and classification who were substantially younger than

PAGE 6 – OPINION AND ORDER

she more favorably that it treated her, including but not limited to, not redirecting them to out of class positions"); *Marziano v. Cty. of Marin*, 2010 WL 3895528, at *9 (N.D. Cal. Oct. 4, 2010) (concluding in an employment discrimination case that "a general statement that similarly situated employees were treated more favorably . . . with respect to a specific employment action" is enough to survive a motion to dismiss); *see also Frank v. Potter*, 2009 WL 2982876, at *7 (S.D. Ohio Sept. 15, 2009) (rejecting the defendant's "critique[ ]" of the plaintiff's claims "on the basis that [the plaintiff] has 'failed to allege a single similarly-situated individual'" because the court "does not find a requirement at the pleadings stage that Plaintiff name names").

Similarly, here Plaintiffs meet the FHA pleading standard by alleging that Defendant discriminated against Plaintiffs on the basis of their race by denying them a loan modification for which they were qualified and that similarly situated white applicants were approved. Thus, Plaintiffs have "give[n] the defendant fair notice of what the plaintiff[s'] claim is and the grounds upon which it rests," and need not "adduce a prima facie claim in the complaint itself—before discovery, often necessary to uncover a trail of evidence regarding the defendants' intent in undertaking allegedly discriminatory action, has taken place." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061 (9th Cir. 2004).

The cases that Defendant cites are unpersuasive. The Court declines to follow the passing comment in *Domingo v. Donohue* that the plaintiff "provided no examples of similarly situated employees outside of his protected class." 2014 WL 605485 at *10 (N.D. Cal. 2014). As noted, the Court does not find that such specific examples are required at the pleading stage. Further, unlike the plaintiffs in *Grimes v. Fremont Gen. Corp*, Plaintiffs timely filed their complaint and alleged that they were qualified for the loans they were denied. 785 F. Supp. 2d 269, 292 n.33 (S.D.N.Y. 2011) (dismissing the complaint as time-barred and noting that the claims also would

fail on the merits in part because the plaintiffs failed to allege that they were qualified for fairly-administered loans).

### 2. Consent Decree

Plaintiffs also allege that Defendant has exhibited a pattern and practice of discriminating against racial minorities and that it is currently "under a consent decree with the United States due to its past history of discrimination." Second Am. Compl. ¶ 31. Plaintiffs do not raise a pattern-and-practice claim in this lawsuit.[3] Instead, Plaintiffs allege that Defendant's past history of discrimination is circumstantial evidence of Defendant's intent to discriminate against Plaintiffs based on their race.

In a motion to dismiss, all material facts are accepted as true and construed in the light most favorable to the non-moving party. *Wilson*, 668 F.3d at 1140; *see also Starr*, 652 F.3d at 1216 (noting that if a defendant is fairly notified of the facts underlying the allegation "to enable [it] to defend itself effectively" the allegation will be entitled to a presumption of truth). Incidents occurring outside of the limitations period are not actionable, but evidence of those incidents may be admitted as relevant background evidence to support a related timely claim, or as evidence of motive. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).[4]

---

[3] As addressed in the previous motion to dismiss (ECF 19), for a pattern-and-practice claim to be sufficiently pleaded, the relevant question is not whether Defendant engaged in a pattern of discriminating against Plaintiffs, but whether Defendant had a widespread and systemic pattern and practice of discrimination against a number of similarly situated people. *See Cherosky v. Henderson*, 330 F.3d 1243, 1247 (9th Cir. 2003) ("As the Supreme Court explained, pattern-or-practice claims cannot be based on 'sporadic discriminatory acts' but rather must be based on discriminatory conduct that is widespread throughout a company or that is a routine and regular part of the workplace." (citing *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 336 (1977))). Plaintiffs do not make such an allegation here.

[4] "Although *Morgan* involved Title VII of the Civil Rights Act of 1964, the Supreme Court's analysis of the continuing violations doctrine is not limited to Title VII actions. It applies with equal force . . . to actions arising under other civil rights laws." *Cherosky v. Henderson*, 330 F.3d 1243, 1246 n.3 (9th Cir. 2003) (applying *Morgan's* analysis of the continuing violations

Such incidents are relevant to determining whether a plaintiff adequately states a claim for relief. Because Plaintiffs' factual allegation enabled Defendant to defend itself—Defendant submitted the consent decree as an exhibit to its motion to dismiss and argued that it was irrelevant—Plaintiffs' factual allegation, that Defendant has routinely discriminated against minorities, is entitled to a presumption of truth. As alleged, the existence of the consent decree is relevant to Plaintiffs' claim of racial bias. It is relevant to show motive and intent. That is all that is required of a factual allegation in a complaint.[5]

### B. The ECOA Claim

Under the ECOA, "[i]t shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . *on the basis of* race." 15 U.S.C. § 1691(a)(1) (emphasis added). Defendant moves to dismiss Plaintiffs' ECOA claims because (1) Plaintiffs failed to identify the specific protected class underlying the dispute; and (2) Plaintiffs failed to allege that Plaintiffs were discriminated against "on the basis" of a protected ground. Plaintiffs respond that they have properly alleged all the elements of an ECOA claim as required by courts, namely that they have alleged that (1) they are members of a protected class as African Americans; (2) they applied for the HAMP loan modification in 2010, 2011, and 2015; (3) they were qualified for the HAMP loan modification; and (4) Defendant denied the HAMP loan modification on each occasion despite Plaintiffs' qualification.

---

doctrine to the Rehabilitation Act); *see also Cmty. House, Inc. v. City of Boise*, 490 F.3d 1041, 1048 n.3 (9th Cir. 2007) (applying *Morgan* to FHA discrimination claims); *Colquitt v. Mfrs. & Traders Tr. Co.*, 144 F. Supp. 3d 1219, 1225-26 (D. Or. 2015) (applying *Morgan* to FHA discrimination claims based on alleged discriminatory loan modification denials).

[5] By contrast, Plaintiffs do not allege any facts in their complaint relating to Defendant's officers' purported recent public statements that Plaintiffs quote in their response. Those statements are therefore irrelevant and not considered for purposes of this motion.

PAGE 9 – OPINION AND ORDER

In the context of an FHA claim, the Ninth Circuit has instructed that pleadings "should be judged by the statutory elements of [a] claim rather than the structure of the prima facie case." *Gilligan v. Jamco Dev't Corp.*, 108 F.3d 246, 250 (9th Cir. 1997). The Third Circuit recently noted that with FHA and ECOA claims, "parties argue about whether the . . . complaint establishes a prima facie case under these statutes, but that is not the focus at the Rule 12(b)(6) stage, as the prima facie case is an evidentiary standard." *Shahin v. PNC B*ank, 625 F. App'x 68, 70 (3d Cir. 2015). In *Shahin*, the court dismissed the plaintiff's claims because "the complaint does not plausibly indicate that [the defendant] declined to provide a loan for any discriminatory reason." *Id.* at 70-71.

The FHA, similar to the ECOA, requires that the challenged housing decisions be "because of"[6] a protected status. The pleading requirements for other civil rights discrimination and retaliation statutes also include that the allegedly wrongful conduct was done because of protected status or conduct, or that persons who are not members of a protected class were treated better than persons who are members of the protected class. *See, e.g.*, *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004) (Americans with Disabilities Act); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002) (Title VII retaliation); *Jeter v. Hozhoni Found.*, 2013 WL 4431096, at *1 (D. Ariz. Aug. 16, 2013) (Age Discrimination in Employment Act).

Thus, to state a claim for violations of ECOA, a plaintiff must allege facts that plausibly suggest: (1) the plaintiff was a member of a protected class; (2) the plaintiff applied for credit from the defendant; and (3) the plaintiff was denied credit on the basis of his or her protected

---

[6] For purposes of this analysis, the Court does not find a material difference between "because of" and "on the basis of" in the context of pleading discrimination. The Court is not addressing at this time any difference that may arise relating to "but for" versus "mixed motive" causation standards.

PAGE 10 – OPINION AND ORDER

class. Facts that might plausibly suggest that the denial of credit was because of or on the basis of an applicant's protected status may include: (1) that the applicant was qualified to receive credit and was denied credit despite being qualified; (2) facts demonstrating discriminatory animus or treatment by the defendant; or (3) that persons not within the protected class were granted extensions of credit by the defendant. Pleading such facts does not replace the requirement that a plaintiff plead that the alleged denial of credit was on the basis of the plaintiff's protected status.

Plaintiffs have alleged sufficient facts to support these allegations. Plaintiffs allege that they are African American. Thus, they are members of a protected class. Plaintiffs also allege that they were qualified for a HAMP modification, and that Defendant discriminated against Plaintiffs by denying their requests for HAMP modifications and refusing to consider all of their income, despite Defendant's acknowledgement that Plaintiffs were qualified for a modification. Plaintiffs also specifically allege that Defendant denied them a HAMP modification "due to their race." This allegation cures the deficiency identified by the Court in Plaintiffs' original complaint. Moreover, in their Amended Complaint, Plaintiffs allege additional facts that support their claim that Defendant denied them credit based on their protected status, namely that Defendant approved similarly qualified white applicants and Defendant has a pattern and practice of discriminating against minorities.

## C. The FHA Claim

Plaintiffs argue that Defendant's HAMP modification denials also violate the FHA. Under the FHA, it is "unlawful for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race." 42 U.S.C. § 3605. Similar to its motion against Plaintiffs' ECOA claim, Defendant also

PAGE 11 – OPINION AND ORDER

moves to dismiss Plaintiffs' FHA claim arguing that Plaintiffs fail to sufficiently allege that Defendant denied Plaintiffs' loan modification on the basis of their race.

The FHA creates a private right of action for an "aggrieved person" subjected to "an alleged discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A). "Aggrieved person" is defined to include any person who "claims to have been injured by a discriminatory housing practice." 42 U.S.C. § 3602(i)(1). A "discriminatory housing practice" is any act made unlawful under 42 U.S.C. §§ 3604, 3605, 3607, or 3617. 42 U.S.C. § 3602(f). Under § 3605, it is unlawful for a person engaged in residential real estate transactions to discriminate against any person "because of race."

The Ninth Circuit has instructed that the "threshold for pleading discrimination claims under the [FHA] is low." *McGary*, 386 F.3d at 1262. In *McGary*, the Ninth Circuit reiterated that it has explicitly applied the pleading requirements stated in the Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002), to FHA claims. *McGary*, 386 F.3d at 1262 (citing *Gilligan*, 108 F.3d at 248-49). In *Gilligan*, the Ninth Circuit held that for claims alleging violations of the FHA there is a "powerful presumption against rejecting pleadings for failure to state a claim." 108 F.3d at 249 (quotation marks and citation omitted). Finally, the Supreme Court has recognized the FHA's "broad and inclusive compass" and has instructed courts to accord a "generous construction to the Act's complaint-filing provision." *City of Edmonds v. Oxford House, Inc.*, 514 U.S. 725, 731 (1995).

Plaintiffs allege that Defendant "discriminated against Plaintiffs due to their race by refusing to modify Plaintiffs' loan under HAMP, despite the fact that Plaintiffs qualified for a HAMP modification." Second Am. Compl. ¶ 29. Considering the generous FHA complaint construction standards directed by the Ninth Circuit, the Court finds that Plaintiffs have

sufficiently alleged that they were discriminated against "because of their race" in connection with Defendant's denial of Plaintiffs' 2015 HAMP modification request. Plaintiffs' allegations regarding similarly situated white applicants and Defendant's consent decree further support this claim for relief.

## CONCLUSION

Defendant's Motion to Dismiss Plaintiffs' Amended Complaint or, Alternatively, to Strike Allegations (ECF 33) is DENIED.

**IT IS SO ORDERED**.

DATED this 29th day of March, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge
